Semere AB–GEBRU, Petitioner,

v.

Alberto GONZALES,* Attorney General, Respondent.

No. 03–74302.
Agency No. A79–495–180.

United States Court of Appeals,
Ninth Circuit.

Submitted March 23, 2005.**

Decided April 11, 2005.

Christopher L. Anderson, Perkins Coie, LLP, Seattle, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Margaret Perry, Anh–Thu P. Mai, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, TROTT, and SILVERMAN, Circuit Judges.

MEMORANDUM***

Semere Ab–Gebru, a.k.a. Semere-ab Gebru ("Gebru"), a native and citizen of

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the

Ethiopia of Eritrean descent, petitions for review from the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an IJ's factual findings, *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995), and we review de novo due process contentions, *Lopez–Urenda v. Ashcroft*, 345 F.3d 788, 791 (9th Cir.2003). We deny the petition for review.

We accept Gebru's testimony as true because the IJ did not make an explicit adverse credibility finding. *See Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir. 2004). Substantial evidence supports the IJ's determination that Gebru failed to establish his eligibility for asylum. The record does not compel the conclusion that Gebru suffered past persecution based on his arrest and detention by Ethiopian authorities or that he has a well-founded fear of future persecution based on the potential for deportation from Ethiopia. *See Ghaly*, 58 F.3d at 1431.

Because Gebru did not meet the eligibility requirements for asylum, he is not entitled to withholding of removal. *See id.* at 1429.

The BIA did not violate Gebru's due process rights when it denied his motion for acceptance of an untimely brief because the record shows that the briefing schedule was mailed to the address of record. *Cf. Singh v. Ashcroft*, 362 F.3d 1164, 1168–69 (9th Cir.2004) (finding a due process violation when BIA sent briefing schedule and transcript to wrong address).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Gebru's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc as to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

